70  489
70  492

ATLANTIC CITY v. FRANK FERETTI, PROSECUTOR.

*Argued November 5, 1903—Decided February 23, 1904.*

1. Under the charter of the city of Atlantic City an ordinance may be adopted requiring all omnibus drivers to wear in a permanent position on his clothing a number the same as that issued for his omnibus. Such an ordinance is not unreasonable.
2. The act approved April 15th, 1895, making certain designated days legal holidays, does not prohibit the sessions of the courts upon such days.

On *certiorari* to the recorder of Atlantic City.

Before Justices FORT and PITNEY.

For the prosecutor, *John C. Reed.*

For the defendant, *Harry Wootton.*

The opinion of the court was delivered by

FORT, J. The writ brings up a conviction under an ordinance of Atlantic City "to regulate the business of driving omnibuses, automobiles or locomobiles and fixing the fares to be charged," approved April 12th, 1901.

The charge against the prosecutor was that he did fail and neglect to wear, in a permanent position on his clothing, a number the same as that issued for his omnibus, "contrary to section 6 of the said ordinance."

The offence charged was within the ordinance.

The requirement that the driver of all licensed omnibuses shall wear a number, as required by the ordinance, is a reasonable regulation. The case was properly tried and the evidence returned sustains the conviction.

The seventh reason assigned for reversal is "that the prosecutor was forced to trial over his objection on a *dies non,* said conviction being had on a legal holiday, *i. e.,* the fourth day of July." The contention was that, by our Holiday act, no court could sit on a legal holiday.

The Holiday act of 1895 does not so enact. The statute states what days and parts of days shall be holidays and half holidays and then declares that "the days and half days aforesaid shall be considered as the first day of the week, commonly called Sunday, and as public holidays or half holidays, for all purposes whatsoever. *as regards the transaction of business in the public offices* of this state or counties of this state, on all other days or half days, excepting Sundays, such offices shall be kept open for the transaction of business." *Pamph. L. 1895, p.* 779.

This statute does not. prohibit a court from sitting on a holiday. It does not make holidays *dies non*, as are Sundays, except as regards the transaction of business in the public offices of the state or a county. The object of this provision of the act was to legalize the closing of public offices of the state and county offices by state and county officials.

A summons may be issued, tested and served on a legal holiday. *Glenn* v. *Eddy, 22 Vroom* 255.

The closing of public offices does not apply to a session of a common council. Such may be legally held on a holiday. *Mueller* v. *Egg Harbor City, 26 Vroom* 245, 248.

The Holiday acts previous to that passed in 1895 did expressly provide that "no court shall be held upon said days except in the cases where said courts would now sit upon the first day of the week." *Pamph. L.* 1876, *p.* 73; *Pamph. L.* 1886, *p.* 386.

The fact that this restriction upon the right of a court to sit on a holiday was omitted from the act of 1895 is clear evidence of legislative intent not to interdict sessions of the courts of the state upon a legal holiday.

There is no error in the record and the conviction is affirmed, with costs.

For the prosecutor, *John C. Reed.*

For the defendant, *Harry Wootton.*